Youssef H. Hammoud (SBN:321934)
HAMMOUD LAW, P.C.
3744 E. Chapman Ave., #F12269
Orange, CA 92859
T: 949-301-9692
F: 949-301-9693
E: yh@lawhammoud.com

Attorneys for Plaintiff,
*Salvador Diaz, individually and*
*on behalf of all others similarly situated*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| SALVADOR DIAZ, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br><br>              v.<br><br>ASSET RECOVERY SOLUTIONS, LLC,<br><br>                                    Defendant. | Case No:  2:23-cv-02564<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Salvador Diaz, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against Defendant Asset Recovery Solutions, LLC as follows:

## **INTRODUCTION**

1.      This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* (the "RFDCPA").

## **JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

3. This court has jurisdiction over Defendant Asset Recovery Solutions, LLC because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5. Plaintiff Salvador Diaz ("Plaintiff") is a natural person who, at all times relevant hereto, was a residing in Pomona, Los Angeles County, State of California.

6. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as that term is defined by Cal. Civ. Code § 1788.2.(g).

8. Defendant Asset Recovery Solutions, LLC ("Defendant") is a company existing under the laws of the State of Illinois, with its principal place of business in Des Plaines, Illinois.

9. Defendant has transacted business within this state as is more fully set forth hereinafter in this Complaint.

10. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

11. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

COMPLAINT AND DEMAND FOR JURY TRIAL

12.     The principal purpose of Defendant's businesses is the collection of such debts.

13.     Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

14.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

15.     Defendant is a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c).

16.     The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of its actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

17.     Defendant alleges Plaintiff owes a debt to Webcollex, LLC.

18.     The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

19.     At the time the alleged debt was placed, transferred, and/or assigned to Defendant the alleged debt was in default.

20.     In an attempt to collect the alleged debt, Defendant sent Plaintiff an undated collection letter.

COMPLAINT AND DEMAND FOR JURY TRIAL

21.     The letter alleged that Plaintiff no longer owed money to Oportun, Inc, but now owed $6,481.89 to Webcollex, LLC.

22.     However, Plaintiff was never indebted to Webcollex, LLC, and was never indebted to Webcollex, LLC for $6,481.89.

23.     Further, Oportun, Inc. does not originate loans, but rather such loans are originated by WebBank, N.A.

24.     Debt scavengers purchase large CSV files or Excel spreadsheets of purported "accounts" from credit card companies or other debt scavengers for pennies on the dollar. These files are usually without account-level documentation establishing that the amount sought is correct, and without sufficient proof of the debt scavenger's legal right, title and/or interest in the money sought.  By paying so little for the debt, debt scavengers stand to make tremendous amounts of money when unsuspecting or easily confused consumers pay even a small portion of the money sought.

25.     According to data provided by the Consumer Financial Protection Bureau (the "CFPB"), consumer complaints about debt scavenger and collectors attempting to collect money not actually owed by the consumer are by far the most common of all complaints received by the Bureau every year.

26.     Upon information and belief, Webcollex, LLC is a debt scavenger.

27.     Upon information and belief, Webcollex, LLC purchases large CSV files or Excel spreadsheets of purported "accounts" and merely uploads said data into its account management system without reviewing any of the information regarding any individual account or balance allegedly owed.

COMPLAINT AND DEMAND FOR JURY TRIAL

28.    Upon information and belief, after uploading these data, Webcollex, LLC begins to attempt to collect the accounts without performing any inquiry into the account or balance allegedly owed.

29.    Upon information and belief, Webcollex, LLC purchased a CSV file or Excel spreadsheet that included Plaintiff's name, but failed to include account-level documentation, such as a credit agreement signed by Plaintiff or any other competent proof that Plaintiff owed the amount sought to establish Webcollex, LLC's legal right, title and/or interest in $6,481.89 allegedly owed by Plaintiff.

30.    Indeed, Plaintiff was never indebted to Webcollex, LLC for $6,481.89 and Webcollex, LLC never extended credit to Plaintiff for $6,481.89.

31.    Plaintiff was never involved in any transaction with Webcollex, LLC for $6,481.89 and never entered into any contract with Webcollex, LLC for the payment of $6,481.89.

32.    Upon information and belief, ARS does not possess competent proof that Plaintiff owes $6,481.89 to Webcollex, LLC.

33.    Upon information and belief, ARS does not possess any credit agreement between Plaintiff and Webcollex, LLC for $6,481.89.

34.    Upon information and belief, ARS does not possess competent proof that Plaintiff agreed to pay $6,481.89 to Webcollex, LLC.

35.    Upon information and belief, ARS does not possess any competent proof that Plaintiff is obligated to pay $6,481.89 to Webcollex, LLC.

COMPLAINT AND DEMAND FOR JURY TRIAL

36.     Upon information and belief, ARS does not possess any competent proof that $6,481.89 was ever owed by Plaintiff to Webcollex, LLC.

37.     Upon information and belief, ARS does not possess any competent proof that Plaintiff owed $6,481.89 at the time Webcollex, LLC purchased the portfolio of debt.

38.     ARS holds no legal right, title or interest in $6,481.89 owed by Plaintiff.

39.     In its efforts to collect the alleged Debt, Defendant decided to contact Plaintiff by written correspondence.

40.     Rather than preparing and mailing such written correspondence to Plaintiff on its own, Defendant decided to utilize a third-party vendor to perform such activities on its behalf.

41.     As part of its utilization of the third-party vendor, Defendant conveyed information regarding the alleged Debt to the third-party vendor by electronic means.

42.     The information conveyed by Defendant to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the account number, the entity to which Plaintiff allegedly owed the debt, among other things.

43.     In fact, Defendant conveyed it was a debt collector and attempting to collect a debt from Plaintiff.

44.     Defendant's conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

45.     The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the correspondence to Plaintiff at Defendant's direction.

COMPLAINT AND DEMAND FOR JURY TRIAL

46.    That undated letter was received and read by Plaintiff in late April 2022.

47.    The undated letter was the initial written communication Plaintiff received from Defendant.

48.    The letter, which conveyed information about the alleged debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

49.    The FDCPA prohibits the sharing of information regarding a consumer *"without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy…"* See 15 U.S.C. § 1692c(b).

50.    In the relevant part, Section 1692c(b) states, *"a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."* See 15 U.S.C. § 1692c(b).

51.    The sharing, transferring, or communicating of Plaintiff's information is prohibited by law.

52.    Plaintiff did not provide prior consent to the sharing of his information with third parties.

53.    Plaintiff did not provide his prior consent to the sharing of his information with the third party letter vendor Defendant utilized.

54.    Defendant's intentional or negligent conduct of sharing, transferring, or communicating of Plaintiff's personal and sensitive information without Plaintiff's prior

consent, caused an invasion into Plaintiff's individual privacy, which caused Plaintiff concern, embarrassment, anxiety, worry, sleeplessness, and emotional distress, causing Plaintiff to spend time to retain counsel, causing him loss of time.

55.     The letter, in the relevant part, stated, "As of 10/31/2019 you owed," then provided an amount of $6,481.89.

56.     Then, the letter stated, "Between 10/31/2019 and today," then listed the amount of interest, fees, payments, and credits.

57.     Plaintiff was misled as to the status of the subject debt, for the letter was not associated with a particular date.

58.     In light of the fact that the letter was undated, Plaintiff was confused what date is "today."

59.     It is standard and common practice to date letters, especially those involving official or financial matters.

60.     Any letter that lacks a date appears to be illegitimate.

61.     Consumers cannot make a decision to pay an alleged debt, without trusting the debt collector, such as Defendant.

62.     Failing to date the letter makes Defendant's letter appear incorrect, inaccurate, misleading, confusing, and/or deceptive, triggering the consumer to question the legitimacy of debt collector's attempts to collect the alleged debt.

63.     Failure of Defendant to date the letter, but still attempt to collect the alleged debt, is inconsistent and out of character for legitimate debt collection practices, making a consumer believe there is something nefarious at play.

COMPLAINT AND DEMAND FOR JURY TRIAL

64.    Defendant's failure to date the letter, which amounts to an intentional or negligent omissions, raises suspicion regarding its debt collection practice in general.

65.    Under § 1692g(a) of the FDCPA, within five days of an initial communication with a consumer, a debt collector must provide a written notice, known as a "Validation Notice," that contains relevant information about the alleged debt and how to dispute it.

66.    Pursuant to the FDCPA § 1692g(a), the debt collector must:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

67.    Pursuant to Regulation F of 12 CFR § 1006.34(b)(5) "Validation period means the period starting on the date that a debt collector provides the validation information required by paragraph (c) of this section and ending 30 days after the consumer receives or is assumed to receive the validation information. For purposes of determining the end of the validation period, the debt collector may assume that a consumer receives the

COMPLAINT AND DEMAND FOR JURY TRIAL

validation information on any date that is at least five days (excluding legal public holidays identified in 5 U.S.C. 6103(a), Saturdays, and Sundays) after the debt collector provides it.

68.    The letter states, in the relevant part, "**Call or write to us by 05/26/2022, to dispute all or part of the debt.** If you do not, we will assume that our information is correct."

69.    The letter provided Plaintiff a deadline of May 26, 2022, to dispute the alleged debt, request validation, and/or request the name and address of the original creditor.

70.    Upon information and belief, the deadline for Plaintiff to dispute the alleged debt and/or request validation is not May 26, 2022, as the letter is undated.

71.    Upon information and belief, the deadline for Plaintiff to dispute the alleged debt and/or request validation is a later date as the letter is undated.

72.    Plaintiff became confused as to his dispute and validation rights.

73.    The letter provides a dispute and validation deadline that is contrary to the Validation Notice of the FDCPA.

74.    Pursuant to the 15 U.S.C. § 1692g(b), in the relevant part, "…Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

75.    By providing a validation deadline date of May 26, 2022, Defendant overshadowed Plaintiff's rights.

76.    By providing a validation deadline date of May 26, 2022, Defendant does not provide Plaintiff the full thirty days.

COMPLAINT AND DEMAND FOR JURY TRIAL

77.    By providing a validation deadline date of May 26, 2022, Defendant shortened the requisite validation period.

78.    As a result of Defendant's conduct, Plaintiff suffered anxiety and emotional distress, which caused Plaintiff to retain counsel.

79.    Plaintiff had to spend time in order to retain counsel to investigate Defendant's conduct described herein.

80.    The foregoing conduct of Defendant violates the FDCPA and RFDCPA entitling Plaintiff to statutory damages and actual damages, along with reasonable attorneys' fees.

## FIRST COUNT
## Violation of 15 U.S.C. § 1692c(b) and § 1692f

81.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

82.    15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

83.    The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

84.    Plaintiff never consented to Defendant's communication with the third-party vendor concerning the alleged Debt.

COMPLAINT AND DEMAND FOR JURY TRIAL

85.    Plaintiff never consented to Defendant's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

86.    Plaintiff never consented to Defendant's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

87.    Upon information and belief, Defendant has utilized a third-party vendor for these purposes thousands of times.

88.    Defendant utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

89.    Defendant utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

90.    Defendant utilizes a third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from Defendant's unauthorized disclosure of such private and sensitive information.

91.    Defendant utilizes a third-party vendor with reckless disregard for Plaintiff's right to privacy.

92.    Defendant utilizes a third-party vendor with reckless disregard for Plaintiff's right against public disclosure of Plaintiff's private facts.

93.    Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

94.    15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

COMPLAINT AND DEMAND FOR JURY TRIAL

95.    The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

96.    Defendant disclosed Plaintiff's private and sensitive information to the third-party vendor.

97.    Defendant violated 15 U.S.C. § 1692f when it disclosed Plaintiff's private and sensitive information to the third-party vendor.

98.    As relevant here, Congress enacted the FDCPA upon finding that existing laws and procedures for redressing invasions of individual privacy during the debt collection process were inadequate to protect consumers.  15 U.S.C. § 1692(a)-(b).

99.    Specifically, Congress sought to protect consumers from communications by debt collectors to third parties.  *See* S. Rep. No. 95-382, at 4 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1698.

100.    As such, a violation of Section 1692c(b) has a close relationship to an invasion of privacy.

101.    A violation of Section 1692c(b) is an invasion of privacy.

102.    As described herein, Defendant violated Section 1692c(b).

103.    As described herein, Defendant invaded Plaintiff's privacy.

104.    A violation of Section 1692c(b) also has a close relationship to a public disclosure of private facts.

105.    A violation of Section 1692c(b) is a public disclosure of private facts.

106.    As described herein, Defendant violated Section 1692c(b).

107.    As described herein, Defendant publicly disclosed Plaintiff's private facts.

COMPLAINT AND DEMAND FOR JURY TRIAL

108.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

### SECOND COUNT
### Violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), and 1692e(10)

109.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

110.    15 U.S.C. § 1692d provides, generally, that a debt collector may not engage in conduct the natural consequence of which is to harass, abuse, and/or oppress.

111.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

112.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

113.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

114.    An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A) and 1692e(10).

115.    An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A) and 1692e(10).

COMPLAINT AND DEMAND FOR JURY TRIAL

116.   As previously stated in this Complaint, Plaintiff did not owe the amount Defendant alleged is owed to Webcollex, LLC by Plaintiff.

117.   Defendant's contention that Plaintiff owed the alleged debt to Webcollex, LLC, when Plaintiff did not owe the alleged debt to Webcollex, LLC, amounts to conduct the natural consequence of which is to harass, abuse, and/or oppress in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692d.

118.   Defendant's contention that Plaintiff owed the alleged debt to Webcollex, LLC, when Plaintiff did not owe the alleged debt to Webcollex, LLC, is a false, misleading, and/or deceptive representation, in violation of 15 U.S.C. § 1692e.

119.   Defendant's contention that Plaintiff owed the alleged debt to Webcollex, LLC, when Plaintiff did not owe the alleged debt to Webcollex, LLC, is a false representation of the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

120.   Defendant's contention that Plaintiff owed the alleged debt to Webcollex, LLC, when Plaintiff did not owe the alleged debt to Webcollex, LLC, is a false representation or deceptive means to collect or attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692e(10)

121.   For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), and 1692e(10) and is liable to Plaintiff therefor.

COMPLAINT AND DEMAND FOR JURY TRIAL

## THIRD COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692f

122. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

123. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

124. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

125. 15 U.S.C. § 1692f prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt.

126. The letter sent by Defendant to Plaintiff was undated.

127. Plaintiff was misled as to the status of the subject debt, for the letter was not associated with a particular date.

128. In light of the fact that the letter was undated, Plaintiff was confused what date is "today."

129. It is standard and common practice to date letters, especially those involving official or financial matters.

130. Any letter that lacks a date appears to be illegitimate.

131. Consumers cannot make a decision to pay an alleged debt, without trusting the debt collector, such as Defendant.

COMPLAINT AND DEMAND FOR JURY TRIAL

132.    Failing to date the letter makes Defendant's letter appear incorrect, inaccurate, misleading, confusing, and/or deceptive, triggering the consumer to question the legitimacy of debt collector's attempts to collect the alleged debt.

133.    Failure of Defendant to date the letter, but still attempt to collect the alleged debt, is inconsistent and out of character for legitimate debt collection practices, making a consumer believe there is something nefarious at play.

134.    Defendant's failure to date the letter, which amounts to an intentional or negligent omissions, raises suspicion regarding its debt collection practice in general.

135.    Defendant's pattern and practice of sending undated letters to consumers, violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f.

136.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692f and is liable to Plaintiff therefor.

## FOURTH COUNT
### Violation of 15 U.S.C. §§ 1692g, 1692g(a)(1), 1692g(a)(2)

137.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

138.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

COMPLAINT AND DEMAND FOR JURY TRIAL

139.    As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a statement of the amount of the debt.

140.    To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

141.    A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

142.    As previously stated, Plaintiff did not owe the amount Defendant alleges is owed to Webcollex, LLC by Plaintiff.

143.    As such, Defendant did not accurately set forth the actual amount of the alleged debt as required by 15 U.S.C. § 1692g(a)(1).

144.    Defendant's statement of the amount of the alleged debt, when Plaintiff did not owe that amount, violates 15 U.S.C. § 1692g(a)(1).

145.    As also relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide a statement of the name of the creditor to whom the debt is owed.

146.    To comply with 15 U.S.C. § 1692g(a)(2), the statement of the name of the creditor to whom the debt is owed must accurately set forth the name of the entity that actually owns the debt.

147.    A statement of the name of the creditor to whom the debt is owed, when the consumer does not owe money to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

148.    As set forth above, Plaintiff did not owe money to Webcollex, LLC.

149.    As such, Defendant did not accurately set forth the name of the entity that actually owns the debt as required by 15 U.S.C. § 1692g(a)(2).

COMPLAINT AND DEMAND FOR JURY TRIAL

150.    Defendant's statement that Webcollex, LLC was the name of the creditor to whom the alleged debt was owed, when Plaintiff did not owe any money to Webcollex, LLC, violates 15 U.S.C. § 1692g(a)(2).

151.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g, 1692g(a)(1) and 1692g(a)(2), and is liable to Plaintiff therefor.

### FIFTH COUNT
### Violation of 15 U.S.C. § 1692g(b)

152.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

153.    Under § 1692g(a) of the FDCPA, within five days of an initial communication with a consumer, a debt collector must provide a written notice, known as a "Validation Notice," that contains relevant information about the alleged debt and how to dispute it.

154.    Pursuant to the FDCPA § 1692g(a), the debt collector must:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with

COMPLAINT AND DEMAND FOR JURY TRIAL

the name and address of the original creditor, if different from the current creditor.

155.   Pursuant to Regulation F of 12 CFR § 1006.34(b)(5) "Validation period means the period starting on the date that a debt collector provides the validation information required by paragraph (c) of this section and ending 30 days after the consumer receives or is assumed to receive the validation information. For purposes of determining the end of the validation period, the debt collector may assume that a consumer receives the validation information on any date that is at least five days (excluding legal public holidays identified in 5 U.S.C. 6103(a), Saturdays, and Sundays) after the debt collector provides it.

156.   The letter states, in the relevant part, "**Call or write to us by 05/26/2022, to dispute all or part of the debt.** If you do not, we will assume that our information is correct."

157.   The letter provided Plaintiff a deadline of May 26, 2022, to dispute the alleged debt, request validation, and/or request the name and address of the original creditor.

158.   Upon information and belief, the deadline for Plaintiff to dispute the alleged debt and/or request validation is not May 26, 2022, as the letter is undated.

159.   Upon information and belief, the deadline for Plaintiff to dispute the alleged debt and/or request validation is a later date as the letter is undated.

160.   Plaintiff became confused as to his dispute and validation rights.

161.   The letter provides a dispute and validation deadline that is contrary to the Validation Notice of the FDCPA.

162.   Pursuant to the 15 U.S.C. § 1692g(b), in the relevant part, "…Any collection activities and communication during the 30-day period may not overshadow or be

COMPLAINT AND DEMAND FOR JURY TRIAL

inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

163. By providing a validation deadline date of May 26, 2022, Defendant overshadowed Plaintiff's rights.

164. By providing a validation deadline date of May 26, 2022, Defendant does not provide Plaintiff the full thirty days.

165. By providing a validation deadline date of May 26, 2022, Defendant shortened the requisite validation period.

166. Defendant's conduct of overshadowing Plaintiff's rights violates 15 U.S.C. § 1692g(b).

167. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(b), and is liable to Plaintiff therefor.

## SIXTH COUNT
## Violation of Cal. Civ. Code § 1788.13(k)

168. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

169. Cal. Civ. Code § 1788.13(k) prohibits debt collectors from the false representation that the consumer debt has been, is about to be, or will be sold, assigned, or referred to a debt collector for collection.

170. The letter stated, in the relevant part, that the alleged debt was sold to Webcollex, LLC.

COMPLAINT AND DEMAND FOR JURY TRIAL

171.    Defendant's representation that the debt was sold to Webcollex, LLC is a legal conclusion.

172.    Defendant does not review the underlying sale documents prior to sending letters to consumers.

173.    Defendant does not investigate whether Webcollex, LLC is in fact the current creditor of the alleged debt.

174.    Defendant does not investigate whether the transaction between the original creditor and Webcollex, LLC was in fact a true sale.

175.    Defendant's intentional or negligent conduct of falsely representing that Webcollex, LLC is the current creditor of the debt, caused Plaintiff confusion, anxiety, worry, and emotional distress, causing Plaintiff to spend time to retain counsel, causing him loss of time, in violation of Cal. Civ. Code § 1788.13(k).

176.    Defendant's false representation that the debt has been, is about to be, or will be sold, assigned, or referred to a debt collector for collection, violates Cal. Civ. Code § 1788.13(k).

177.    For the foregoing reasons, Defendant violated Cal. Civ. Code § 1788.13(k) and is liable to Plaintiff therefor.

## **CLASS ALLEGATIONS**

178.    Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of California.

179.    Plaintiff seeks to certify two classes of:

COMPLAINT AND DEMAND FOR JURY TRIAL

i.   All consumers where Defendant sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.

ii.  All consumers where Defendant sent a letter in an attempt to collect a consumer debt whereby the letter was undated and was the initial letter sent to the consumer, which letter was sent on or after a date one year prior to the filing of this action to the present.

180.   This class action seeks a finding that Defendant's conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

181.   The Class consists of more than thirty-five persons.

182.   Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

183.   The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

COMPLAINT AND DEMAND FOR JURY TRIAL

184.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

### **JURY DEMAND**

185.    Plaintiff hereby demands a trial of this action by jury.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment be entered as follows:

a.  Certifying this action as a class action; and

b.  Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

c.  Finding Defendant's actions violate the FDCPA and RFDCPA; and

d.  Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

e.  Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

f.  Awarding damages to Plaintiff pursuant to Cal. Civ. Code § 1788.30(b); and

g.  Awarding Plaintiff's attorneys' fees pursuant to Cal. Civ. Code § 1788.30(c); and

h.  Awarding Plaintiff punitive damages to be determined at trial, for the sake of example and punishing defendant for its malicious conduct, pursuant to Cal. Civ. Code § 3294; and

i.  Awarding the costs of this action to Plaintiff; and

j.  Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

k.  Such other and further relief that the Court determines is just and proper.

COMPLAINT AND DEMAND FOR JURY TRIAL

1

2
DATED: April 5, 2023

3
By: */s/ Youssef H. Hammoud*
Youssef H. Hammoud (SBN:321934)

4
HAMMOUD LAW, P.C.
3744 E. Chapman Ave., #F12269

5
Orange, CA 92859
T: 949-301-9692

6
F: 949-301-9693
E: yh@lawhammoud.com

7

8
*Attorneys for Plaintiff*
*Salvador Diaz, individually and*

9
*on behalf of all others similarly situated*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL